Kathryn J. Halford (State Bar No. 68141)
khalford@wkclegal.com
Elizabeth Rosenfeld (State Bar No. 106577)
erosenfeld@wkclegal.com
Nicholas I. Starkman (State Bar No. 291373)
nstarkman@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone: (818) 501-8030 ext. 334
Facsimile: (818) 501-5306

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA PENSION TRUST; BOARD OF TRUSTEES OF THE ELEVEN COUNTIES CEMENT MASONS VACATION SAVINGS PLAN; BOARD OF TRUSTEES OF THE CEMENT MASONS JOINT APPRENTICESHIP TRUST; AND BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA INDIVIDUAL RETIREMENT ACCOUNT (DEFINED CONTRIBUTION) TRUST,

Plaintiffs,

vs.

KLASSIC ENGINEERING AND CONSTRUCTION, INC., a California corporation,

Defendant.

**CASE NO.**

COMPLAINT FOR:

1. Breach of Contract; and
2. Violation of ERISA.

[29 U.S.C. §§185, 1132, 1145]

Plaintiffs allege as follows:

**JURISDICTION**

1. Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a).

**VENUE**

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. §185(a), in that this is the Judicial District in which the Trust Funds are administered and where the contractual obligations alleged herein are to be performed.

**PARTIES**

3. Plaintiffs, the Board of Trustees of the Cement Masons Southern California Health and Welfare Fund, Board of Trustees of the Cement Masons Southern California Pension Trust, Board of Trustees of the Cement Masons Southern California Individual Retirement Account (Defined Contribution) Trust, Board of Trustees of the Eleven-Counties Cement Masons Vacation Savings Plan, and Board of Trustees of the Cement Masons Joint Apprenticeship Trust (herein "Plaintiffs") are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to LMRA § 302(c)(5), 29 U.S.C. §186(c)(5).

4. The Cement Masons Southern California Health and Welfare Fund, Cement Masons Southern California Pension Trust, Cement Masons Southern California Individual Retirement Account (Defined Contribution) Trust, Eleven-Counties Cement Masons Vacation Savings Plan, and Cement Masons Joint Apprenticeship (collectively referred to herein as "the Plans" or "Trust Funds") are "multiemployer plans" within the meaning of ERISA §§3(37)(A) and 515, 29 U.S.C. §1002(37)(A), and 29 U.S.C. §1145.

5. Plaintiffs are named fiduciaries with respect to the Plans within the meaning of ERISA § 21(A), 29 U.S.C. § 1002(21)(A).

6. The Plans were established pursuant to collective bargaining agreements between the Eleven Southern California Counties Cement Masons ("Union") and various employer associations representing contractors performing work in the Southern California area within the geographic jurisdiction of the Union. The Plans are administered in the City of Arcadia, within the County of Los Angeles.

7. Plaintiffs are informed and believe and thereon allege that during all times relevant herein, Defendant KLASSIC ENGINEERING & CONSTRUCTION, INC. ("KLASSIC" or "Defendant") was and is a corporation organized and existing under and by virtue of the laws of the state of California, conducting business under California Contractor's License No. 759241 in the County of Los Angeles, with its principal place of business within the County of Orange, California.

8. This complaint is prosecuted pursuant to LMRA §301(a), 29 U.S.C. §185(a), against KLASSIC, an employer engaged in an industry affecting commerce and pursuant to ERISA §§502 and 515, 29 U.S.C. §§1132 and 1145, to enforce the provisions of ERISA against an Employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5).

## **FIRST CLAIM FOR RELIEF**

(Breach of Contract)

9. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 8, as fully set forth herein.

10. KLASSIC executed a Letter of Assent, effective on or about August 8, 2014, wherein it agreed to be party to and bound by the Pasadena Unified School District Continuity of Work Agreement ("CWA") and subsequent amendments and modifications for work on the "Pasadena Unified School District Marshall Fundamental School Tennis Courts Project," located at 990 N. Allen Ave, Pasadena,

CA 91104 ("Marshall Project"). A true and correct copy of KLASSIC's Letter of Assent is attached hereto as Exhibit "1" and incorporated herein by reference.

11. Pursuant to the CWA, the terms and conditions of the collective bargaining agreements of signatory local unions apply to all work performed on the Marshall Project, as covered by the CWA. By virtue of executing its Letter of Assent agreeing to be bound by and party to the terms of the CWA, KLASSIC also agreed to be bound by and party to the Master Labor Agreement Between Southern California General Contractors and Eleven Southern California Counties Cement Masons, effective July 1, 2011 ("Cement Masons MLA") for work covered by the CWA. True and correct copies of the relevant pages of the Cement Masons MLA are attached hereto as Exhibit "2" and incorporated herein by reference.

12. On or about September 6, 2013 KLASSIC executed a Project Memorandum Agreement with Local 500 and Local 600 of the Operative Plasterers' and Cement Masons' International Association of the United States and Canada ("Project Agreement") whereby KLASSIC agreed to be bound by all the terms and conditions of the Cement Masons MLA (with the exception of certain provisions not relevant to this action) for work performed by KLASSIC on the Wilson Middle School Project ("Wilson Project"). A true and correct copy of the Project Agreement is attached hereto as Exhibit "3" and incorporated herein by reference.

13. By executing the Letter Assent and the Project Agreement, KLASSIC expressly agreed to make fringe benefit contributions to the Trust Funds on behalf of employees performing covered work pursuant to the terms of the Cement Masons MLA, and to be bound by the written terms of the Agreements and Declarations of Trust establishing the Plans ("Trust Agreements") for work performed by KLASSIC employees on the Marshall Project and the Wilson Project, respectively.

14. In accordance with the Trust Agreements, KLASSIC is required to submit monthly reports and make contributions payments to the Trust Funds at the

rates specified in the Cement Masons MLA for each hour worked by or for each hour for which its employees performing work covered by the MLA receive pay.

15. Pursuant to the Trust Agreements, KLASSIC is obligated to report and pay contributions to the Trust Funds at their place of business in the County of Los Angeles, State of California on or before the 15th day of each successive month following the month in which hours are worked by KLASSIC’s employees. Contributions not postmarked on or before the 25th day of each month following the month in which hours were worked are deemed delinquent.

16. The Trust Agreements provide that it would be extremely difficult, if not impracticable, to fix the actual expenses and damages to the Trust Funds that would result from the failure of a contractor to timely pay the required contributions. Therefore, the Trust Agreements provide the assessment of liquidated damages on all delinquent contributions. The Trust Agreements provide that the amount of damage to the Trust Funds resulting from the failure to pay contributions when due shall be presumed to be the sum of $25.00 or 10% of the amount of the contributions due, whichever is greater. This amount becomes due and owing as liquidated damages, and not as a penalty, on delinquent contributions, and is owed in addition to any delinquent contributions.

17. The Trust Agreements further obligate KLASSIC to pay interest on any unpaid contributions or liquidated damages at the rate of seven percent (7%) per annum, or at the legal rate per annum, whichever is greater, commencing from the due date of the contribution and continuing until the delinquent contribution is paid.

18. The Trust Agreements further obligate KLASSIC to pay reasonable attorneys’ fees and costs, including audit and court costs, and other expenses incurred by the Trust Funds in the collection of delinquent contributions. The CWA, the Project Agreement, and the agreements KLASSIC bound itself to thereunder,

including the Cement Masons MLA and the Trust Agreements, shall be referred to hereinafter as "KLASSIC's Agreements."

19. Pursuant to the terms of KLASSIC's Agreements, the Trust Funds demanded an audit of KLASSIC's records in order to verify the hours reported against the actual hours worked by KLASSIC employees on the Marshall and Wilson Projects. Despite demand and in violation of KLASSIC's AGREEMENTS, KLASSIC failed and/or refused to provide records required to complete the audit.

20. The Trust Funds were able to obtain copies of Certified Payroll Records submitted by KLASSIC to the awarding bodies for each of the Marshall and Wilson Projects pursuant to California Labor Code § 1776 and other statutes governing KLASSIC's reporting obligations. The Trust Funds conducted audits of the Certified Payroll Records for the Wilson Project for the period of September 2013 to January 2014 and for the Marshall Project for the month of August 2014, which disclosed for the first time that KLASSIC failed to timely report and pay contributions based on the actual hours of work performed by KLASSIC employees on the Marshall and Wilson Projects.

21. Based upon the findings of the audits, the Plaintiffs are informed and believe and upon that basis allege that KLASSIC failed to timely report and pay contributions to the Trust Funds in the amount of $4,082.38 for the Wilson Project and $1,831.20 for the Marshall Project. The failure to timely report and pay contributions constitutes a material breach of KLASSIC's Agreements.

22. Despite demand, and in breach of KLASSIC's Agreements, KLASSIC has failed to pay delinquent contributions for hours worked by employees who performed covered work and therefore owes contributions, including contributions disclosed by audit, liquidated damages assessed on the delinquent contributions, and interest accruing at the rate of seven percent (7%) per annum from due date of all delinquent contributions until paid and audit costs.

23. As a result of KLASSIC's breach of KLASSIC's Agreements, it has been necessary for Plaintiffs to engage the firm of Wohlner Kaplon Cutler Halford & Rosenfeld to enforce the terms of KLASSIC's Agreements and to collect unpaid contributions and other damages incurred as a result of KLASSIC's failure to properly report and pay contributions to the Trust Funds and Plaintiffs have incurred costs.

24. Prior to the commencement of this action, Plaintiffs have complied with all conditions, if any, on their part to be performed under KLASSIC's Agreements and as required by law.

25. Despite demand, KLASSIC has refused to pay the amounts owed to the Trust Funds in accordance with the CWA, the Cement Masons MLA, the Project Agreement and the Trust Agreements. Plaintiffs have incurred costs and are entitled to damages in an amount equal to the unpaid contributions and interest, liquidated damages and reasonable attorneys' fees and costs incurred in the prosecution of this action.

## **SECOND CLAIM FOR RELIEF**

(Violation of ERISA)

26. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. By failing to accurately report and pay contributions to the Trust Funds in accordance with the KLASSIC's Agreements, Defendant KLASSIC has violated Section 515 of ERISA, 29 U.S.C. §1145. In accordance with ERISA §§502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, Plaintiffs are entitled to and hereby demand an award of all unpaid contributions, liquidated damages, interest, reasonable attorneys' fees and all costs, including audit and court costs, incurred in enforcing the terms of the KLASSIC's Agreements, owed as of the date of entry of judgment according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendant KLASSIC

ENGINEERING AND CONSTRUCTION, INC., a California corporation, as follows:

**ON THE FIRST AND SECOND CLAIMS FOR RELIEF**

1. For unpaid contributions, and damages including audit contributions, in the sum of $5,913.58 owed for the period of September 2013 to January 2014 on the Wilson Project and August 2014 for the Marshall project, plus any additional unpaid contributions according to proof;

2. For accrued interest at the rate of seven percent (7%) per annum or the legal rate per annum, whichever is greater, on all unpaid or late paid contributions calculated from due dates to dates of payment;

3. For payment of liquidated damages assessed at the rate of ten percent (10%) or twenty-five dollars, whichever is greater, on all delinquent contributions;

4. For attorney's fees and costs incurred in this action; and

5. For such other relief as the court deems appropriate, including other appropriate legal and/or equitable relief in accordance with ERISA §502(g)(2)(E).

DATED: March 15, 2017

Kathryn J. Halford
Elizabeth Rosenfeld
Nicholas I. Starkman
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

BY: */s/ Nicholas I. Starkman*
Nicholas I. Starkman
Attorneys for Plaintiffs
Board of Trustees of the Cement Masons Southern California Health and Welfare Fund, Board of Trustees of the Cement Masons Southern California Pension Trust, Board of Trustees of the Eleven Counties Cement Masons Vacation Savings Plan, Board of Trustees of the Cement Masons Joint Apprenticeship Trust, and Board of Trustees of the Cement Masons Southern California Individual Retirement Account Defined Contribution Trust